UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAC 4 PRESERVATION LIMITED PARTNERSHIP,<br><br>Plaintiff,<br><br>v.<br><br>HOWARD M. HERSHIPS; KAREN M. FLETCHER; and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No.: 2:15-cv-02567-MCE-EFB<br><br>**ORDER** |

On December 9, 2015, Defendant Howard M. Herships and Karen M. Fletcher, proceeding in pro se, filed a Notice of Removal of this unlawful detainer action from the Sacramento County Superior Court.[1] ECF No. 1.[2] This Court has an independent duty to ascertain its jurisdiction and may remand sua sponte for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988)

---

[1] Despite Defendants' pro se status, the undersigned revokes any actual or anticipated referral to a Magistrate Judge. See E.D. Cal. Local R. 302(c)(21).

[2] The case was initially removed to an existing lawsuit filed by Defendants (No. 2:15-cv-01838) on December 9, 2015. Since that removal was improper, the unlawful detainer action was subsequently severed by Order dated December 11, 2015. The present action was thereafter commenced, also on December 11, 2015.

1

1  (internal citation omitted).  "Federal jurisdiction must be rejected if there is any doubt as
2  to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th
3  Cir. 1992).  As explained below, Defendant has failed to meet that burden.
4       The Notice of Removal is premised on the argument that this Court has federal
5  jurisdiction pursuant to 28 U.S.C. § 1331. However, a review of the Unlawful Detainer
6  Complaint reveals that Plaintiff does not allege any federal claims; instead, Plaintiff
7  alleges only unlawful detainer under state law.
8       "The presence or absence of federal-question jurisdiction is governed by the 'well-
9  pleaded complaint rule,' which provides that federal jurisdiction exists only when a
10 federal question is presented on the fact of plaintiff's properly pleaded complaint."
11 Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  This is the case where the
12 complaint "establishes either that [1] federal law creates the cause of action or that [2]
13 the plaintiff's right to relief necessarily depends on resolution of a substantial question of
14 federal law."  Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage
15 Leasehold & Easement, 524 F.3d 1090, 1100 (9th Cir. 2008) (quoting Franchise Tax Bd.
16 v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)).
17      Here, Plaintiff's one cause of action is for unlawful detainer under state law.  At
18 most, Defendants argue that they have a defense under federal law.  "A case may not
19 be removed to federal court on the basis of a federal defense . . . even if the defense is
20 anticipated in the plaintiff's complaint, and even if both parties admit that the defense is
21 the only question truly at issue in the case."  ARCO Envtl. Remediation, LLC v. Dep't. of
22 Health & Envtl. Quality of the State of Montana, 213 F.3d 1108, 1113 (9th Cir. 2000)
23 (citation and quotation marks omitted).  Therefore, this Court lacks jurisdiction.
24      Accordingly:
25      1. The action is REMANDED to the Sacramento County Superior Court.
26      2. The Clerk of Court is directed to serve a certified copy of the order on the
27         Clerk of the Sacramento County Superior Court, and reference the state case
28         number (No. 15UD07962) in the proof of service.

3. The Clerk of Court is directed to close this case and vacate all dates.

4. The Clerk of the Court is ordered not to open another case removing the following unlawful detainer action: No. 15UD07962.

IT IS SO ORDERED.

Dated: December 22, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT